Kimberly L. Rivera, Esq. (SBN 205528)
krivera@foleymansfield.com
Peter B. Langbord, Esq. (SBN 144319)
plangbord@foleymansfield.com
Phoebe Yifei Hu, Esq. (SBN 144319)
phu@foleymansfield.com
**FOLEY & MANSFIELD, PLLP**
181 W. Huntington Drive, Suite 210
Monrovia, CA 91016
Telephone (213) 283-2100
Facsimile (213) 283-2101

Attorneys for Defendant
FISHER CONTROLS INTERNATIONAL LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY WISE | Case No: 2:24-cv-10195 |
| Plaintiff, | **FISHER CONTROLS INTERNATIONAL LLC'S NOTICE OF REMOVAL** |
| vs. | |
| AIR & LIQUID SYSTEMS CORPORATION, individually and as successor-in-interest to Buffalo Pumps, Inc., et al. | District Judge:<br>Magistrate Judge: |
| Defendants. | Date:<br>Time:<br>Courtroom: |

Defendant FISHER CONTROLS INTERNATIONAL LLC (hereinafter "FISHER") hereby removes this action from the Superior Court of the State of California for the County of Ventura to the United States District Court for the Central District of California based upon federal officer jurisdiction pursuant to 28 U.S.C. §§ 1442(a)(1) and 446.

FISHER provides the following statement of the grounds for removal:

///

**PRELIMINARY MATTERS**

1.     On or about July 15, 2024, plaintiff JIMMY WISE filed the civil action for personal injury entitled *JIMMY WISE vs. AIR & LIQUID SYSTEMS CORPORATION, et al.* in the Superior Court of the State of California for the County of Ventura, Case No. 2024CUAS027020. A copy of the Complaint is attached hereto as **EXHIBIT ONE.**

2.     Plaintiff's Complaint does not identify Mr. Wise service in the United States Navy.

3.     On or about August 19, 2024, FISHER was served with Plaintiff's Complaint. (See **EXHIBIT ONE).**

4.     Plaintiff, Mr. Jimmy Wise, testified that he served in the United States Navy from January 6, 1966 through November 9, 1969 (p.28:1-14, October 24, 2024 deposition transcript of Jimmy Wise, Ventura No. 2024CUAS027020). (See **EXHIBIT TWO)**.

5.     On November 20, 2024, during the continuing deposition of plaintiff, Mr. Jimmy Wise, the testimony provided indicated that Mr. Wise was around service members in the engine room numerous times aboard the USS IWO JIMA (LPH-2) who were servicing FISHER valves. (pp.33:21-34:20, 36:10-25, November 20, 2024 Deposition of Jimmy Wise). (See **EXHIBIT THREE**). Mr. Wise testified that he was three (3) to four (4) feet from these individuals when they opened flanges and removed and replaced FISHER valves. (Id.). (**EXHIBIT THREE**). He previously testified that the process of "spreading the flanges" and removing gaskets next to Fisher valves was a dusty process. (p.203:6-25, October 25, 2024 Deposition of Jimmy Wise). (See **EXHIBIT FOUR).**

6.     This November 20, 2024, deposition testimony was the first instance that made clear FISHER had an unequivocally clear and certain ground for removal pursuant to under 28 U.S.C. §§ 1442(a), 1446(b)(3).

///

///

FISHER CONTROLS INTERNATIONAL LLC'S NOTICE OF REMOVAL

7.    Associated gaskets and packing of those FISHER valves that Mr. Wise worked with or around were required to conform to precise military specifications. (See **Declaration of Christopher P. Herfel, ¶25, EXHIBIT FIVE**).

8.    FISHER's Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because FISHER is filing this Notice of Removal within thirty (30) days of information sufficient to remove the case.

9.    Removal to the United States District Court for the Central District of California is proper under 28 U.S.C. § 1441(a) because the Complaint was filed in the Superior Court of the State of California for the County of Ventura, which is located within the jurisdiction of this District.

## NATURE OF THE CASE

10.    The Complaint alleges "defendants… were and/or are engaged in the business of researching, manufacturing, fabricating, designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting, servicing, installing, contracting for installation, repairing, marketing, warranting, re-branding, manufacturing for others, packaging and advertising a certain product, namely asbestos and other products containing asbestos." (¶ 5, pp.6:24-7:1, Complaint, **EXHIBIT ONE**).

11.    The Complaint further alleges, "defendants... negligently and carelessly researched, manufactured, fabricated, designed, modified, tested or failed to test, abated or failed to abate, warned or failed to warn of the health hazards, labeled, assembled, distributed, leased, bought, offered for sale, supplied, sold, inspected, serviced, installed, contracted for installation, repaired, marketed, warranted, re-branded, manufactured for others, packaged and advertised, a certain product, namely asbestos, and other products containing asbestos, in that said products caused personal injuries to users, consumers, workers, bystanders and others, including the plaintiff... in a manner that was reasonably foreseeable, thereby rendering said products unsafe and dangerous

1  for use by 'exposed persons'… [and] breached said duty of due care." (¶¶ 6-7, p.7:9-

2  21, Complaint, **EXHIBIT ONE**).

3      12.    "Plaintiff has used, handled or been otherwise exposed to asbestos and

4  asbestos-containing products referred to herein in a manner that was reasonably

5  foreseeable." (¶ 9, p.8:4-5, Complaint, **EXHIBIT ONE**).

6      13.    "As a direct and proximate result of the conduct of the defendants, their

7  'alternate entities,' and each of them, as aforesaid, plaintiff's exposure to asbestos and

8  asbestos-containing products caused severe and permanent injury to the plaintiff, the

9  nature of which, along with the date of plaintiff's diagnosis, are set forth in Exhibit 'A'

10  ", " including but not limited to lung cancer and other lung disease." (¶ 10, p.9:16-19,

11  Complaint; p.42:1-3, Exhibit "A" to Complaint; **EXHIBIT ONE**).

12      14.    Plaintiff's Complaint does not identify exposure to asbestos during

13  Plaintiff's United States Navy service. (See Complaint and Exhibit "A" to Complaint,

14  **EXHIBIT ONE**).

15      15.    Plaintiff's Complaint does not limit exposure to asbestos, but rather

16  "Jimmy Wise's exposure occurred at job sites including, but not limited to, the

17  following…". (p.43:5, Exhibit "A" to Complaint, **EXHIBIT ONE**).

18      16.    Again, Mr. Wise testified he served in the United States Navy from 1966

19  to 1969, serving in part, aboard the USS IWO JIMA (LPH-2) where others worked with

20  FISHER valves.

21      17.    Plaintiff's testimony now shows that "As a direct and proximate result of

22  the conduct of" defendant FISHER products "plaintiff's exposure to asbestos and

23  asbestos-containing products caused severe and permanent injury to the plaintiff" at the

24  direction of a federal officer. (¶ 10, p.9:16-18, Complaint, **EXHIBIT ONE**).

25                           **JURISDICTION**

26      18.    Removal is proper under the federal officer removal statute, 28 U.S.C.

27  § 1442(a)(1), which provides for removal when a defendant is sued for acts undertaken

28  at the direction of a federal officer. Removal is appropriate, where the removing

defendant establishes that: (1) the defendant is a person; (2) the defendant was acting under the direction of a federal officer when it engaged in the allegedly tortious conduct; (3) there is a causal nexus between the plaintiff's claims and the defendant's actions under federal direction; and (4) the defendant has raised a colorable defense based upon federal law. See *Mesa v. California*, 489 U.S. 121, 124-25, 129-31, 134-35 (1989). Here, FISHER satisfies the four elements and is entitled to remove this action pursuant to the federal officer removal statute.

19.    For the purposes of the federal officer removal statute, a corporation is a person. See *Winters v. Diamond Shamrock Co*., 149 F.3d 387, 398 (5th Cir., 1998); *Fung v. Abex Corp*., 816 F. Supp. 569, 572 (N.D. Cal., 1992).

20.    FISHER was acting under the direction of the United States Navy within the meaning of 28 U.S.C. § 1442(a)(1) in the design, manufacture, and sale of its valves for and to the United States Navy. FISHER valves were designed and manufactured pursuant to precise contracts and specifications approved by the United States Navy. (**See Declaration of Christopher P. Herfel, ¶¶14-25, EXHIBIT FIVE**).

21.    The USS IWO JIMA (LPH-2) was designed by the Department of the Navy, constructed at Puget Sound Naval Shipyard, owned and operated by the Department of the Navy.

22.    There exists a strong causal nexus between Plaintiff's claims and FISHER's actions, in light of the specific direction and strict control of the United States Navy over the design and manufacture of FISHER valves, thereby meeting the third element. *Winters*, 149 F.3d at 400 (the causal nexus test is met when the government (1) provided specifications for product composition, warnings and delivery, (2) compelled the defendant's manufacture of the product, and (3) supervised the defendant's actions). Plaintiff's claims against FISHER depend solely on the actions taken by FISHER in accordance and compliance with directions from the United States Navy.

///

23.    FISHER's government contractor defense is a colorable federal defense to Plaintiff's claims. As set forth by the Supreme Court of the United States in *Boyle v. United Technologies Corp*., 487 U.S. 500, 512 (1988), the government contractor defense applies when: (1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States. *Hagen v. Benjamin Foster Co*., 739 F.Supp.2d 770 (E.D. Pa. 2010) (Robreno, J.) (removal is appropriate under § 1442(a)(1) when "defendant identifies facts which, in the light most favorable to the defendant, entitle him or her to a complete defense.")

24.    At this stage, FISHER must show that its federal defense has some basis in law and fact, but is not required to win its case. See *Jefferson County v. Acker*, 527 U.S. 423, 431 (1999); *Mesa*, 489 U.S. at 128; *Fung v. Abex Corp.*, 816 F. Supp. 569, 573 (N.D. Cal., 1992).

25.    FISHER cannot be liable under state law for any injuries caused by FISHER valves aboard a United States Navy vessel or at a United States Navy jobsite. As detailed above, the United States Navy provided FISHER with precise specifications regarding its valves and FISHER delivered valves that confirmed to those specifications. (**See Declaration of Christopher P. Herfel, ¶¶14-25, EXHIBIT FIVE**). The United States Navy, as one of the leaders in industrial hygiene state of the art, possessed knowledge regarding the hazards of asbestos equal to or superior to its equipment suppliers, such as FISHER. (**See Declaration of Christopher P. Herfel, ¶¶15-30, EXHIBIT FIVE**). FISHER has a colorable claim that it is entitled to immunity from state tort law in this action under the federal government contractor defense.

26.    Federal officer removal should be interpreted broadly. *Durham v. Lockheed Martin Corp*., 445 F.3d 1247, 1253 (9th Cir. 2006) (holding that "the Supreme Court has mandated a generous interpretation of the federal officer removal

statute"). Indeed, the United States Supreme Court "has held that the right of removal is absolute for conduct performed under color of federal office, and has insisted that the policy favoring removal 'should not be frustrated by a narrow, grudging interpretation of § 1442(a)(1).' "*Arizona v. Manypenny*, 451 U.S. 232, 242 (U.S. 1981) (quoting *Willingham v. Morgan*, 395 U. S. 402, 395 U. S. 407 (1969)); *Camacho v. Autoridad de Telefonos de Puerto Rico,* 868 F.2d 482, 487 (1st Cir., 1989); *Harris v. Rapid Am.*

> 4   actions/inactions.   Plaintiffs disclaim any cause of action or recovery for any injuries and
> 5   damages resulting from exposure to asbestos caused by the acts or omissions of defendants
> 6   committed at the specific and proven direction of an officer of the United States Government
> 7   acting within in his official capacity. To the extent that any of the plaintiff's asbestos exposure
> 8   occurred on board vessels or aircraft of the United States military or the construction and/or
> 9   repair of such vessels or aircraft occurred on proven federal enclaves,  plaintiff's negligence
> 10  and strict liability claims against manufacturers, sellers and suppliers of pumps, valves, boilers,
> 11  turbines, separators, steam traps, engines and other mechanical equipment installed in such
> 12  vessels and aircraft are not based on the theory of defective design, but rather on the theory of
> 13  failure to warn of the health risks and hazards associated with working with and/or around
> 14  asbestos and asbestos-containing products only and renders such defendants liable in both
> 15  negligence and in strict products liability for such marketing defect.

*Corp*., 532 F. Supp. 2d 1001, 1004 (N.D. Ill., 2007).

27.    FISHER is not required to obtain the consent of any other defendants in this action to remove this action in its entirety under § 1442(a)(1). See *Ely Valley Mines, Inc. v. Hartford Acc. & Indem. Co*., 644 F.2d 1310, 1314 (9th Cir., 1981); *Akin v. Ashland Chem. Co*., 156 F.3d 1030, 1034 (10th Cir., 1998).

28.    Paragraph 9a of Plaintiff's Complaint (p.9:4-15) reads, in part: This disclaimer is insufficient to withdraw grounds for removal.

29.    Removal is proper where "plaintiffs' disclaimer specifically excluded liability based on the defendants' failure to warn, thus demonstrating that the plaintiffs still intended to seek damages arising from exposure to asbestos while the plaintiff was aboard U.S. Naval vessels." *Keeney v. A.W. Chesterton Co.,* No. CV 11-6192 PA

1   (AGRX), 2011 WL 13220926, at *3 (C.D. Cal. Aug. 9, 2011); see also the Minute Order

2   from *Edgardo Salamante, et al. v. Quintec Industries, Inc., et al.,* CV 08–4674 PA

3   (JTLx) (C.D. Cal. Sept. 22, 2008) (**EXHIBIT SIX**).

4       30.    Further, removal is timely based upon deposition testimony. "[I]f the initial

5   pleading does not indicate that the case is removable, and the defendant receives 'a copy

6   of an amended pleading, motion, order or other paper' from which removability may

7   first be ascertained. 28 U.S.C. § 1446(b)." *Carvalho v. Equifax Info. Servs., LLC*, 629

8   F.3d 876, 885 (9th Cir. 2010). "[A] plaintiff's response to deposition questions can

9   constitute 'other paper' within the meaning of section 1446(b)". *Carvalho v. Equifax*

10  *Info. Servs., LLC,* 629 F.3d 876, 887 (9th Cir. 2010) (citing *Peters v. Lincoln Elec. Co.,*

11  285 F.3d 456, 466 (6th Cir.2002) (collecting cases)). Other authority suggests that

12  *receipt* of the transcript of a deposition constitutes "other paper" under § 1446(b).

13  *Morgan v. Huntington Ingalls, Inc.*, 879 F.3d 602, 612, 2018 WL 359275 (5th Cir.

14  2018) ("Section 1446(b)(3)'s removal clock begins ticking upon receipt of the

15  deposition transcript.") Out of an abundance of caution, removal is hereby made within

16  30 days of Mr. Wise's testimony that he served in the U.S. Navy on October 24, 2024.

17  Further, removal is hereby made within days of Mr. Wise's testimony that he worked

18  with or around FISHER valves in engine rooms aboard the USS IWO JIMA (LPH-2).

19      31.    The "other paper" development must also be unequivocal. "[A]n amended

20  pleading, motion, order, or other paper must make a ground for removal unequivocally

21  clear and certain before the removal clock begins under the second pathway of

22  § 1446(b)(3)." *Dietrich v. Boeing Co.,* 14 F.4th 1089, 1095 (9th Cir. 2021). Ambiguous,

23  absent, or misleading information is insufficient. (*Id.*). There is no duty to investigate

24  or speculate. *Roth v. CHA Hollywood Medical Center, L.P.*., 720 F.3d 1121, 1125 (9th

25  Cir. 2013).

26      32.    In the event of a motion to remand this action, FISHER respectfully

27  requests an opportunity to respond more fully in a supplemental memorandum.

28

33.    As required by § 1446(a), true and correct copies of all substantive process, pleadings, and orders served upon FISHER are being filed herewith via link (excluding for example Notice of Remote Appearance, Rejection, and Proof of Service). (**EXHIBIT SEVEN).**

34.    Pursuant to 28 U.S.C. § 1446(d), Defendant FISHER is filing written notice of this Notice of Removal with the Superior Court of the State of California for the County of Ventura concurrently with the filing of this Notice of Removal, and will serve the same on all counsel of record.

## DEMAND FOR JURY TRIAL

35.    The California state court Answer filed by FISHER prior to the filing of this Notice of Removal included an express demand for jury trial.  Pursuant to Rule 81(c)(3)(A) of Federal Rules of Civil Procedure, "[a] party who, before removal, expressly demanded a jury trial in accordance with state law need not renew the demand after removal."

WHEREFORE, Defendant FISHER requests that this Court assume jurisdiction over this matter on removal from the Superior Court of the State of California for the County of Ventura.

Dated:  November 25. 2024

**FOLEY & MANSFIELD. PLLP**

By: _____
Kimberly L. Rivera
Peter B. Langbord
Phoebe Yifei Hu
Attorneys for Defendant
FISHER CONTROLS INTERNATIONAL
LLC

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 181 W. Huntington Drive, Suite 210, Monrovia, CA 91016

I filed and served the foregoing document described as: FISHER CONTROLS INTERNATIONAL LLC'S NOTICE OF REMOVAL

<u>*VIA CM/ECF Notification System*</u>

Stephen M. Fishback, Esq.
Daniel L. Keller, Esq.
J. Bruce Jackson, Esq.
Tenny Mirzayan, Esq.
KELLER, FISHBACK & JACKSON LLP
28720 Canwood Street, Suite 200
Agoura Hills, CA 91301
T: (818) 342-7442
F: (818) 342-7616

<u>*VIA CM/ECF Notification System*</u>
All Defense Counsel Listed on
PACER Website

**Attorneys for Plaintiff**

☒ **(*BY COURT'S CM/ECF SYSTEM*)** Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF systems, to the parties and/or counsel who are registered CM/ECF Users set forth in the service list that is located on the PACER website.

☐ **(*BY ELECTRONIC SERVICE VIA FILE & SERVEXPRESS*)** Complying with Code of Civil Procedure Section 1010.6, and/or as directed by the Court in this matter, I caused the above-entitled document to be served through File & ServeXpress (formerly LexisNexis) at www.fileandservexpress.com addressed to all parties appearing for the above-entitled case. If the document is provided electronically by 5:00 p.m., then the document will be deemed served on the date it was provided to File & ServeXpress. A copy of the File & ServeXpress Filing Receipt will be maintained with the original document in our office.

☐ **(*BY MAIL*)** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses above and placed the envelope for collection and mailing, following our ordinary business practices. I am ready familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

CERTIFICATE OF SERVICE

1

Executed on November 25, 2024, Monrovia, California.

2

☒    **[FEDERAL]** I declare that I am employed in the office of a member of the

3

bar of this Court at whose direction the service was made.

4

5

6    Elona C. Conchas

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28